## IN RE GILLETTE DAILY JOURNAL
### (No. 1752; Jan. 4, 1933; 17 Pac. (2d) 665)

See 11 Pac. (2d) 265.

*Per Curiam.*

In our former opinion (11 Pac. (2d) 265) we left unanswered the question whether Chapter 85, Session Laws 1931, improperly restricts, burdens and classifies the busi-

174

ness of newspapers "having the set-up, size and composition of the Gillette Daily Journal shown by the evidence," for the reason that the court had not found certain facts there mentioned. Subsequent to our decision the court found the facts. It found that the Gillette Daily Journal has a paid circulation of not less than five hundred; that it contains a page, the size of not less than 12 inches by 19 inches, as required by the statute, and therefore conforms in size to the statutory definition of a legal newspaper, and that the statutory provision that a legal newspaper shall be of the size mentioned is reasonable. And the court thereupon ordered that the papers and files in this case be returned to this court, for such further proceedings as might be proper upon the constitutional questions involved.

Had the court found that the newspaper in question did not comply with the statutory requirements above mentioned, and particularly, if it also had found the facts showing non-compliance with the statute, then, doubtless, we would have been called upon to answer whether or not the statute in that connection is violative of the constitutional provisions mentioned in the court's certificate. But since the statutory requirements have not been violated, as the court found, no further answer seems to be required herein. It is said in 12 C. J. 784:

"But no question as to the constitutionality of a statute will be considered, where no right is claimed on the basis of its invalidity, and no injury is alleged as resulting from its application."

That is the situation here. Since the statute has been complied with, no right, of course, is claimed on the basis of its invalidity, and no injury arising out of it is asserted.

It is further said in 12 C. J. 784, that "one who has complied with the statute may not question its validity." The plaintiff in this case has complied with the statute, as the court has found, and so he cannot claim that the statute is invalid. The intervenors, on the other hand, never have

claimed and do not now claim that the statute is unconstitutional, but insist upon the contrary, and hence they are in no better position herein than the plaintiff. See note on the subject in 19 Ann. Cas. 175. No further answer as to the constitutionality of the statute will, accordingly, be given.