

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable R. C. Marshall
County Attorney
Cochran County
Morton, Texas

Dear Sir:

Opinion No. 0-3749
Re: Whether a newspaper estab-
lished in January 1941, is
a legal newspaper and its
status in relation to House
Bill No. 193, 47th Legisla-
ture amending Article 28a,
Vernon's Annotated Civil
Statutes.

Your letter of June 24th contains the following question
upon which you request the opinion of this department:

"In view of the passage of House Bill No. 193 of
the present Legislature, which amends Article 28a,
V.A.T.S., thereby requiring that a legal notice must
be published in a newspaper having been published con-
tinuously for a period not less than 12 months prior
to the publication of such legal notice; is a news-
paper established in January 1941, under Article 28a,
a legal newspaper and duly authorized by virtue of
said article 28a to publish legal notices?"

The particular portion of House Bill 193, 47th Legisla-
ture, relating to Legal Publications and defining the term "news-
paper", material to your question, reads:

"Section 2. The term 'newspaper' shall mean any
newspaper * * * having been published regularly and
continuously for not less than twelve (12) months
prior to the making of any publication mentioned in
this act."

By your request you raise the question of the reasonable-
ness of the above quoted qualification for a "newspaper" as defined
in the Act and as to its constitutionality as an ex post facto law
should it operate to prohibit a newspaper established January 1941,
from meeting such qualification.

Substantially this same requirement was imposed in Article
28, R.C.S., 1925 prior to its repeal by the Acts of 1929, 41st Leg-
islature. In the former Act, it was provided that such notices
shall be given for publication thereof in a newspaper of general
circulation "which has been continuously and regularly published
for a period of not less than one year, in the county in which
said act or proceeding is to occur * * *". This provision came
under review by the Court of Civil Appeals, Amarillo, in the case
of W. L. Pearson & Co. vs. Hutchinson County, 52 S.W. (2d) 509.
In that case a newspaper was published in the county of the action
but same had not been published for twelve (12) months at the time
of the questioned publication. The court, recognizing the basis
for such requirement, stated and we quote:

> "We can understand the intent of the Legislature in
> requiring the continuous and regular publication of such
> newspaper for a period of as long as twelve months. This
> was evidently done to avoid publications of the 'fly-by-
> night' type which could be published for a period of time
> much less than that to serve a special purpose. Hence,
> we cannot hold that there was such a newspaper published
> in Hutchinson County which complied with the requirements
> of the statute."

In 9 Texas Jurisprudence, Para. 104, page 539, it is said:

> "The legislature has the same power to enact laws
> retrospectively as it has to legislate prospectively;
> and very frequently the courts have held curative or
> validating acts to be constitutional and valid exer-
> tions of legislative power. Where a statute is ex-
> pressly retroactive, and the object and effect of it
> are to correct an innocent mistake, remedy a mischief,
> execute the intention of parties or promote justice,
> then, both as a matter of right and of public policy
> affecting the peace and welfare of the community, the
> law should be sustained. * * *"

In the case of In re Gillette Dail Journal, (Sup. Ct. of
Wyo.) 11 P. (2d) 265, Supplemental Opinion 17 P. (2d) 665, a stat-
ute requiring publication of legal notices in newspapers established
for one year was held a general law of uniform operation, in that
the classification was reasonable. The court held among other things
that the Legislature has the right, in exercising the State's police
power, to make regulations as to legal notices and in doing so, such
statutes were not unconstitutional as impairing contract obligations;
that it was at most a privilege not a right, which the Legislature
can modify or take away without violating the Constitution. Quoted
in the court's opinion, is the following provision from 46 C.J. 27,
which reads:

Honorable R. C. Marshall, page 3 (O-3749)

"It is the policy of the law that notices or advertise-
ments required to be published by law should be published
in newspapers which have been in existence long enough to
be of a permanent and substantial character."

A somewhat similar statutory provision was attacked as
being unconstitutional in the case of Dollar, Sheriff, et al., vs.
Wind, 70 S.E. 335, on the ground that it was a retroactive law,
impairing the obligation of contracts. The Supreme Court of Georgia,
in that case said:

"The part of the act thus attacked was that which
declared that no newspaper which had not been published
for two years should be selected as the official organ
of any county. We fail to appreciate the force of that
argument. Sheriffs are public officers. Their duties
can be changed or modified by the Legislature. That
body can prescribe reasonable qualifications for a
newspaper before it shall be selected as a medium in
which shall be published advertisements of Sheriff's
sales, citations, and other similar advertisements.
The rights of the public may be injuriously affect__
by the selection of an improper medium for giving
such notices."

As to the above quoted portion of House Bill 193, 47th
Legislature, we are unable to see any violation of the Constitution
in that particular requirement by the Legislature that the news-
paper be "one published regularly and continuously for not less
than twelve (12) months." Such a requirement is hardly suggestive
of any monopolistic grant of public advertising, but is more sug-
gestive as a police regulation designed to serve a public purpose.
As said in the Wyoming case, supra, the very necessities of the
Government require that particular persons shall be selected to
perform particular public service, and because such selections
are made, nobody can complain for no unalienable right is taken
away. The court further said and we quote: "Suppose, if you
please, the legislature would change the manner of service of
notice upon the taxpayers and in place of requiring the publica-
tion to be made in newspapers, they would require that notice be
posted upon the door of every school house in the county, could
the publisher of any newspaper complain that the law was unconsti-
tutional, or took away from him to that extent his means of liveli-
hood? It has been held in numerous cases that the publisher of a
newspaper acts in an official capacity when publishing a tax notice."

It is therefore the opinion of this department that the
provision in House Bill 193, 47th Legislature, Section 2, which
among other qualifications, defines "newspaper" as "having been
published regularly and continuously for not less than twelve (12)

months prior to the making of any publication mentioned in this act," is a reasonable qualification and a newspaper established in January 1941, cannot meet the statutory requirement until January 1942.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  /s/ Wm. J. R. King
      Wm. J. R. King
          Assistant

WJRK:eav:lm

APPROVED JUL 28, 1941

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE

BY /s/ BWB
   CHAIRMAN
